IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAD MEISENHELDER,

    Petitioner,

v.

WARDEN, LONDON CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:13-CV-00005
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On January 23, 2013, the Magistrate Judge issued a Report and Recommendation recommending that the instant habeas corpus petition be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. §2244(d). (Doc. 4). Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 8). For the reasons that follow, Petitioner's objections will be **OVERRULED**, the Report and Recommendation will be **ADOPTED** and **AFFIRMED**, and this action will be **DISMISSED**.

## I. BACKGROUND

Petitioner, a state prisoner, brought the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Magistrate Judge issued a Report and Recommendation after considering the sufficiency of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In the Report and Recommendation, the Magistrate Judge recommended that this action be dismissed as barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d).

The basic facts underlying the limitations issue are not in dispute. Petitioner's judgment of conviction became final on May 2, 2002, forty-five days after the state appellate court's March 18, 2002 dismissal of his direct appeal. The statute of limitations expired one year later, on May 2, 2003. The petition was signed on January 2, 2013. The Magistrate Judge found that Petitioner's untimely petition for post-conviction relief did not toll the running of the statute of limitations because it was filed on July 14, 2011, long after the statute of limitations had expired, and noted that the state appellate court denied Petitioner's post-conviction petition as untimely. The Report and Recommendation did not find any basis for equitable tolling of the statute of limitations and rejected Petitioner's alternate argument that this action may be timely under 28 U.S.C. § 2244(d)(1)(D) because he did not learn of the factual predicate for his claim until April 2011.

On February 12, 2013, Petitioner filed objections to the Magistrate Judge's Report and Recommendation, again claiming that he is entitled to equitable tolling. In response to Petitioner's objections, the Magistrate Judge ordered Respondent to file a brief on the issue of equitable tolling and allowed Petitioner to file a reply in response. Pursuant to the Magistrate Judge's order, Respondent filed a brief on February 28, 2013 (Doc. 10), and Petitioner filed a reply on March 21, 2013 (Doc. 11). Petitioner's objections to the Report and Recommendation are now ripe for consideration.

## II. DISCUSSION

Although the AEDPA's limitations period is not jurisdictional and is subject to equitable tolling, such equitable tolling is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to

2

equitable tolling, Petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *See id.* This two-part "extraordinary circumstance" test, established by the Supreme Court in *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed.2d 130 (2010), replaced the five-part test in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), which had been used by the Sixth Circuit to determine whether a habeas petitioner was entitled to equitable tolling. *See Hall*, 662 F.3d at 750. Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The one-year statute of limitations may also be subject to equitable tolling upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11 CV 1271, 2012 WL 487991 (6th Cir. Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). Equitable tolling is required upon a showing of actual innocence because the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice. *See Patterson v. Lafler*, No. 10-1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Liberally construing Petitioner's *pro se* pleadings, the Court finds that Petitioner fails to satisfy his burden of demonstrating that he is entitled to equitable tolling of the statute of limitations. More

3

specifically, the Court finds that Petitioner fails to satisfy the two-part "extraordinary circumstance" test, because he has not demonstrated that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. Petitioner likewise fails to make a "credible showing of actual innocence," in that he fails to demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Here, Petitioner claims that the "primary evidence" against him at trial, which resulted in his conviction for murder and felonious assault, was given by eyewitness Glendell Newlon. (Doc. 4 at 2-3). Petitioner claims that Mr. Newlon identified him as the person who "struck the blow that knocked the victim down" and resulted in the victim's death. *Id.* at 3. According to Petitioner, in April 2011, Mr. Newlon contacted him "to state that he has vision issues and had prescription eyeglasses at the time of the incident, which he was not wearing, and which made him uncertain as to his identification." *Id.* Petitioner states that "neither the state nor the defense" asked Mr. Newlon about his need for eyeglasses or requested that he specify his "degree of certainty" that Petitioner was responsible. *Id.* Petitioner further claims that, prior to April 2011, Mr. Newlon would not respond to his requests for information. *Id.* at 2. Consequently, Petitioner suggests that Mr. Newlon's refusal to cooperate constitutes an extraordinary circumstance that stood in his way to prevent him from filing in a timely fashion. *Id.*

It appears that, in ruling on Petitioner's post-conviction petition filed in state court, the state appellate court rejected Petitioner's contention that the information concerning Mr. Newlon's vision was "newly discovered" evidence. *See State v. Meisenhelder*, 2012 WL

4

2393772 (Fr. Co. App. June 22, 2012). That court noted that Mr. Newlon was Petitioner's brother-in-law, that Mr. Newlon was with Petitioner just prior to the attack, and that Petitioner would have known if Mr. Newlon wore glasses and if he was wearing them on the night in question. *Id.* at *2. Based upon a finding that Petitioner failed to satisfy his burden of demonstrating entitlement to equitable tolling, the Magistrate Judge recommended that the petition be dismissed as untimely.

Applying the applicable two-part test, this Court agrees with the Magistrate Judge's finding that Petitioner has failed to demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent him from filing in a timely fashion. In his objections to the Report and Recommendation, Petitioner makes the unsupported assertion that he "initiated efforts to obtain information" from Mr. Newlon, who refused to cooperate. (Doc. 8 at 2). According to Petitioner, Mr. Newlon's "refusal to co-operate [sic] was the *only* factor that prohibited [him] from obtaining the information" at an earlier time. *Id.* (emphasis in original). Petitioner also suggests that he could not have known Mr. Newlon's "entire medical history" and the Magistrate Judge should not have deemed his lack of knowledge as somehow undermining his due diligence. *Id.* Finally, Petitioner claims that the Magistrate Judge "did not address the fact that" once he obtained the relevant information from Mr. Newlon, he "diligently pursued the presentation and exhaustion of the issues relating to the evidence." *Id.* at 2-3.

Even accepting Petitioner's contention that he was unaware that Mr. Newlon, his brother-in-law, wore prescription eyeglasses, he has not demonstrated that he has been pursuing his rights diligently. That is, Petitioner's sole attempt to demonstrate diligence is based on the unsupported

5

assertion that he "initiated efforts to obtain information" from Mr. Newlon, who refused to cooperate. Further, Petitioner's contention that he has been diligent in the wake of obtaining this information is unpersuasive, given that he waited two months after the Ohio Supreme Court declined jurisdiction to hear his appeal before filing the instant habeas petition. *State v. Meisenhelder*, 133 Ohio St. 3d 1464 (Nov. 7, 2012). Indeed, Petitioner filed the habeas petition nearly two years after Mr. Newlon provided him with the relevant information. Because Petitioner has failed to persuade this Court that he has been pursuing his rights diligently, he is not entitled to equitable tolling. Consistent with this finding, Petitioner also has failed to demonstrate that an extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. As such, the Magistrate Judge properly found that equitable tolling, which is granted only sparingly, was not warranted in this instance.

In addition, Petitioner has failed to demonstrate his actual innocence by presenting new, reliable evidence that would undermine confidence in his conviction. Although Petitioner looks to Mr. Newlon's need for prescription eyeglasses and the fact that he was not wearing them on the night in question as new information supporting his innocence, Respondent observes that the state court record identifies Mr. Newlon as one of several eyewitness who identified Petitioner as responsible. (Doc. 10 at 13-14). Moreover, Respondent asserts that the state court properly determined that, even if Petitioner were not the principal offender, he would have been prosecuted and punished in the same way as an accomplice under state law. *Id.* at 14-15 (citing Ohio Rev. Code § 2923.03(A), (F)). Here, Petitioner fails to make credible showing of actual innocence in that he does not point to new, reliable evidence unavailable at trial which would make it more likely than not that no reasonable juror would have found him guilty beyond a

6

reasonable doubt. Consequently, the Magistrate Judge properly found that Petitioner was not entitled to equitable tolling on this basis.

### III. CONCLUSION

Based upon the foregoing, Petitioner's objections (Doc. 8) are **OVERRULED**, the Magistrate Judge's Report and Recommendation (Doc. 4) is **ADOPTED** and **AFFIRMED**, and this action is **DISMISSED**.

### IT IS SO ORDERED.

JAMES L. GRAHAM, JUDGE
UNITED STATES DISTRICT COURT